UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
LILLIE CARTER,

              Plaintiff,            VERIFIED COMPLAINT

   -against-                 Case No. 07CV11183

UNITED STATES OF AMERICA and
ABRAHAM CONTRERAS,


              Defendants.
-------------------------------X


    Plaintiff, by her attorneys, HARRY I. KATZ, P.C., as and for her Verified Complaint, respectfully alleges, upon information and belief, as follows:


**JURISDICTION**


    1.   The amount in controversy herein exceeds the amount of $75,000.00, exclusive of costs and interest.


    2.   This Court has jurisdiction in this matter under 28 U.S.C. § 1346(b), 2671-2680 because the plaintiff alleges motor vehicle negligence against defendant Abraham Contreras, a person who was employed by or was deemed an employee of the federal government through his employment by the defendant, The United States of America.


    3.   Defendant, Abraham Contreras, acted within the scope of his employment at the time of the subject accident.

**VENUE**

4.  Venue is proper in this District under 28 U.S.C. § 1391(e)(2) and (3).

**PARTIES AND ALLEGATIONS**

5.  This action fallS within one or more of the exceptions set forth in CPLR Section 1602.

6.  Plaintiff Lillie Carter resides at 733 E. 226 th Street, County of Bronx, City and State of New York.

7.  Defendant is the United States of America.

8.  Defendant Abraham Contreras, at the time herein mentioned, was employed or deemed an employee of the federal government through his employment by the United States of America.

9.  Upon information and belief, at the time herein mentioned, defendant Abraham Contreras was a resident of San Diego, California.

10.  On February 26, 2007, a timely Notice of Claim was filed with the defendant, United States of America, pursuant to the Federal Tort Claims Action 28 U.S.C. Section 1346, 2671-80. See Notice of Claim attached hereto as Exhibit "A".

11.  That this plaintiff has duly complied with the prerequisites for the commencement of an action of this kind by duly serving upon defendant the United States of America a duly verified Notice of Claim and that more than six months have expired since service of same, and that the defendant has failed, refused and neglected to adjust the said claim, and this claim remains unadjusted, and unpaid, and that this action is being commenced within the time permitted by law.

12.  At all times herein mentioned, the defendant[1] was the owner of a certain automobile or motor vehicle bearing license plate number 1517 A U.S. Government for the year 2006.

13.  At all times herein mentioned, the defendant Abraham Contreras was the operator of a certain automobile or motor vehicle bearing license plate number 1517 A U.S. Government for the year 2006.

---

[1] All references to "defendant" throughout this complaint are intended to refer to each defendant named in the caption individually unless otherwise specified.

14. At all times herein mentioned, the defendant Abraham Contrerars operated the aforementioned motor vehicle with the expressed or implied knowledge, permission or consent of the owner.

15. Upon information and belief, at all times herein mentioned, White Plains Road, at or near its intersection with 226th Street, in the County of Bronx, City and State of New York, was a public highway.

16. That all times herein mentioned, plaintiff Lillie Carter was a pedestrian.

17. On October 23, 2006, the defendants' vehicle came into contact with a pedestrian.

18. On October 23, 2006, at approximately 7:30 p.m., the defendants' vehicle came into contact with a pedestrian.

19. At the aforementioned time and place, the vehicle operated by the defendant came into contact with the person of the plaintiff.

20. At the aforementioned time and place, the vehicle owned by the defendant came into contact with the person of the plaintiff.

4

21.    That as a result of the foregoing, the plaintiff sustained personal injuries, as well as shock to her nervous system.

22.    That the above occurrence was caused by and through the negligence, gross negligence and wanton disregard of the defendants herein, their agents, servants and/or employees, in carelessly, recklessly and negligently causing their vehicle to strike the plaintiff; in failing to maintain the vehicle, and specifically the brakes, in good and safe condition for operation in public; in failing to look; in failing to see what there was to be seen; in failing to apply the brakes in sufficient time to avoid this occurrence; in failing properly or adequately to apply the brakes; in failing to sound the horn; in failing to see the plaintiff; in failing to pay due regard to the signs, signals or other warnings at the aforesaid location; in failing to give the plaintiff the right of way; in failing to pay due regard to the condition of pedestrian traffic then existing; in operating the vehicle at an excessive rate of speed for the conditions then prevailing; in failing to use reasonable care to avoid colliding with a pedestrian; in failing to exercise that degree of control necessary to avoid the accident; in failing to use due care; in failing and neglecting to give the plaintiff a safe place to walk; in operating the vehicle in a careless, reckless and negligent manner; in failing to use reasonable care in operating the motor vehicle; in failing to exercise reasonable caution in the operation of the

motor vehicle; in failing to maintain proper and safe control of the motor vehicle; in failing to obey the New York State Vehicle and Traffic Law; in failing to warn the plaintiff; in failing to take steps to avoid this occurrence; and the defendants were otherwise negligent.

23.    That as a result of the aforesaid occurrence, the plaintiff was rendered sick, sore, lame and disabled and suffered painful and, upon information and belief, permanent injuries with accompanying pain, as well as shock to her nervous system. Plaintiff suffered and continues to suffer emotional and psychological injury and was required to and did receive medical treatment for her injuries and may in the future be so required. Plaintiff was forced to expend various sums of money in an effort to cure herself and may in the future be so required. Plaintiff was prevented from attending to her usual duties and activities and may in the future be so prevented. Plaintiff has sustained a serious injury as defined in Subsection (d) of Section 5102 of the Insurance Law or economic loss greater than basic economic loss as defined in Subsection (a) of Section 5102 of the Insurance Law, all to her damage in the amount of One Million ($1,000,000.00) Dollars.

WHEREFORE, plaintiff Lillie Carter demands judgment against the defendants in the sum of One Million ($1,000,000.00) DOLLARS, together with the costs of this action.

Dated:     Fresh Meadows, New York
           December 4, 2007


                              Yours, etc.,


                              _____
                              HARRY I. KATZ, P.C.
                              Attorney for Plaintiff
                              BY:  VICTORIA L. WEINMAN
                                   VLW 4041
                              61-25 Utopia Parkway
                              Fresh Meadows, NY   11365
                              718-463-3700