UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

| | | |
|---|---|---|
| LILLIE CARTER, | : | |
| | : | **ECF CASE** |
| Plaintiff, | : | |
| | : | |
| v. | : | **ANSWER** |
| | : | |
| UNITED STATES OF AMERICA, ABRAHAM CONTRERAS, | : | 07 Civ. 11183 (JGK) |
| | : | |
| Defendants. | : | |

------------------------------------------------------------ x

      Defendants United States of America and Abraham Contreras, by their attorney Michael J. Garcia, United States Attorney for the Southern District of New York, answer the complaint on information and belief as follows:

    1. Admit the allegations set forth in paragraph 1 of the complaint.

    2. Paragraph 2 of the complaint appears to contain a legal conclusion, to which no response is required.  To the extent paragraph 2 of the complaint alleges that Abraham Contreras was employed by the United States Government at the time of the events giving rise to this complaint, the allegation is admitted.

    3. Admit the allegations in paragraph 3 of the complaint.

    4. Paragraph 4 of the complaint appears to contain a legal conclusion, to which no response is required.

    5. Paragraph 5 of the complaint appears to contain a legal conclusion, to which no response is required.

    6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the complaint.

    7. Admit the allegations in paragraph 7 of the complaint.

8. Admit that Abraham Contreras, at the times applicable herein, was employed by or deemed an employee of the federal government, and state that Abraham Contreras is not an appropriately named party to this action and should be dismissed, as the United States of America is the only proper defendant under the Federal Tort Claims Act, 28 U.S.C. § 2679(a) ("FTCA").

9. Admit the allegations in paragraph 9 of the complaint.

10. Admit the allegations in paragraph 10 of the complaint.

11. Paragraph 11 appears to contain a legal conclusion to which no response is required; to the extent a response is required, defendants deny the allegations in paragraph 11 of the complaint.

12. Admit that the United States was the owner of an automobile bearing license plate 1517A at all times applicable to this action; otherwise deny the allegations contained in paragraph 12 of the complaint.

13. Admit the allegations in paragraph 13 of the complaint.

14. Admit the allegations in paragraph 14 of the complaint.

15. Admit the allegations in paragraph 15 of the complaint.

16. Admit the allegations in paragraph 16 of the complaint.

17. Admit the allegations in paragraph 17 of the complaint.

18. Admit the allegations in paragraph 18 of the complaint.

19. Admit the allegations in paragraph 19 of the complaint.

20. Admit the allegations in paragraph 20 of the complaint.

21. Admit that the plaintiff received injuries to her person, otherwise deny the

allegations contained in paragraph 21 of the complaint.

22. Deny the allegations in paragraph 22 of the complaint.

23. To the extent paragraph 23 of the complaint contains legal conclusions, no response is required. To the extent paragraph 23 of the complaint contains factual allegations, defendants admit that plaintiff received injuries on October 23, 2006, as a result of coming into contact with a motor vehicle owned and operated by defendant, but otherwise deny the allegations contained in paragraph 23 of the complaint.

## FIRST DEFENSE

Plaintiff's claims are subject to, and limited by, the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*.

## SECOND DEFENSE

The injuries or damages, or both, alleged in the complaint were not proximately caused by a negligent act or omission of any employee of the United States acting within the scope and course of employment.

## THIRD DEFENSE

Neither the United States nor any of its agents or employees were negligent in any manner nor violated any duty of care owed to Plaintiff.

## FOURTH DEFENSE

In the event Defendants are found negligent, which negligence Defendants deny, such negligence is not the cause of fact or proximate cause of alleged damages suffered by Plaintiff.

## FIFTH DEFENSE

In the event Defendants are found to be negligent, which negligence Defendants deny,

the negligence of Plaintiff contributed to Plaintiff's injuries and any recovery must be proportionately reduced.

## FIFTH DEFENSE

Defendants are not liable for interest prior to judgment or punitive damages.  28 U.S.C. § 2674.

## SIXTH DEFENSE

Plaintiff was guilty of culpable conduct in total diminution of her claim for damages.

## SEVENTH DEFENSE

Plaintiff's recovery, if any, is limited by N.Y. CPLR § 1601(1)

## EIGHTH DEFENSE

Plaintiff has no right to a jury trial.  28 U.S.C. § 2402.

## NINTH DEFENSE

Any recovery by Plaintiff is subject to the availability of appropriated funds.  42 U.S.C. § 233(k).

## TENTH DEFENSE

In the event Plaintiff recovers a judgment against Defendants, such judgment must be reduced pursuant to N.Y. C.P.L.R. LAW § 4545(c) by those amounts that have been or will, with reasonable certainty, replace or indemnify Plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source.

## ELEVENTH DEFENSE

In accordance with N.Y. C.P.L.R. LAW ART. 14A, Defendants reserve the right to assert upon trial of this matter, in mitigation of damages, the culpable conduct attributable to Plaintiff.

**TWELFTH DEFENSE**

Plaintiff's damages are limited by the amount set forth in her administrative claim. 28 U.S.C. § 2675(b).

**THIRTEENTH DEFENSE**

Defendants assert that they have, or may have, additional affirmative defenses that are not known to defendants at this time, but which may be ascertained through discovery. Defendants specifically preserve these and other affirmative defenses as they are ascertained through discovery.

**FOURTEENTH DEFENSE**

Abraham Contreras is not a proper defendant in this action. 28 U.S.C. § 2679(a).

**FIFTEENTH DEFENSE**

Plaintiff may not recover for economic loss to the extent she has not sustained economic loss greater than "basic economic loss." N.Y. Ins. Law §§ 5102(a), 5104(a). Plaintiff may not recover for non-economic loss to the extent she has not sustained a "serious injury." N.Y. Ins. Law §§ 5102(d), 5104(a).

**SIXTEENTH DEFENSE**

Attorneys' fees taken out of the judgment or settlement are governed by statute. 28 U.S.C. § 2678.

**WHEREFORE**, defendants demand judgment dismissing the complaint and such further relief as the Court deems just and proper, including costs.

Dated: New York, New York
      March 26, 2008

                        MICHAEL J. GARCIA
                        United States Attorney for the
                        Southern District of New York

By:   /s/ David Bober
       DAVID BOBER
       Assistant United States Attorney
       86 Chambers Street, 3rd Floor
       New York, NY 10007
       (212) 637-2718
       david.bober@usdoj.gov

To:   Victoria L. Weinman, Esq.
       Harry I. Katz, P.C.
       61-25 Utopia Parkway
       Fresh Meadows, NY 11365